UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BERNICE MALCOLM,

                             Plaintiff,

                                                            DECISION AND ORDER

                                                            08-CV-6577L

          v.

BOARD OF EDUCATION OF THE
HONEOYE FALLS-LIMA CENTRAL
SCHOOL DISTRICT, et al.,

                              Defendants.
_____

       Plaintiff Bernice Malcolm ("plaintiff") was employed by defendant Honeoye Falls-Lima Central School District (the "District") from January 2001 until her resignation in July 2007, effective June 30, 2008. The instant action, one of several brought by the plaintiff against various District entities and employees, alleges claims of discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e et seq. ("Title VII") and the New York Human Rights Law, N.Y. Exec. Law §290 et seq. ("NYHRL"), and breach of contract.

       The plaintiff has now filed a total of four lawsuits in federal court, and at least one in state court, against the District. *See Malcolm v. Honeoye Falls-Lima Central Sch. Dist. et al.*, 09-CV-6421 (W.D.N.Y. 2009) (pending action alleging post-employment retaliation in violation of Title VII and NYHRL); *Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Central Sch. Dist. et al.*, 08-CV-

6551 (W.D.N.Y. 2008) (pending action alleging discrimination by the District's teachers' association in violation of Title VII and NYHRL); *Malcolm v. Honeoye Falls-Lima Central Sch. Dist. et al.*, 08-CV-6300 (W.D.N.Y. 2008) (action alleging discrimination by the District in violation of Title VII and NYHRL, dismissed on November 10, 2009 for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6), based upon plaintiff's execution of a Settlement Agreement that barred her claims); *Malcolm v. Honeoye Falls-Lima Sch. Dist.*, 2008-16610 (N.Y. Sup. Ct. Monroe County 2008) (action alleging breach of the Settlement Agreement by the District, dismissed by grant of defendants' motion for summary judgment on March 12, 2010, on the grounds that plaintiff's claims lacked evidentiary support).

The gravamen of each of plaintiff's lawsuits is the same: she generally alleges that the District, its Board of Education (the "Board"), and a revolving cast of District administrators and employees discriminated against her during her employment on the bases of race, age and gender, and/or failed to comply with contractual obligations to plaintiff.

On January 23, 2009, the District defendants moved to dismiss the plaintiff's complaint, and for an injunction to prevent plaintiff from commencing further litigation without leave of court. (Dkt. #5). On February 5, 2009, the non-District defendants filed their own motion seeking the same relief. (Dkt. #11). Before those motions were decided, the defendants notified the Court of their intention to file a motion to dismiss the action on res judicata grounds, based, in part, upon this Court's dismissal of a related matter, *Malcolm v. Honeoye Falls-Lima Central Sch. Dist.*, 08-CV-6300. On April 8, 2010, the defendants made that motion. (Dkt. #30). For the reasons set forth below, and upon the grounds discussed in the defendants' motions to dismiss, those motions (Dkt. #5, #11, #30)

are granted, the complaint is dismissed with prejudice, and plaintiff is hereby prohibited from commencing further litigation in federal court seeking redress for discrimination or civil rights violations against the District, its employees and agents without leave of court.

## DISCUSSION

**I. Defendants' Second Motion to Dismiss**

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002). As such, "a judgment on the merits in one suit is res judicata in another where the parties and subject-matter are the same, not only as respect matters actually presented to sustain or defeat the right asserted, but also as respects any other available matter which might have been presented to that end." *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 38 (2d Cir. 1992). In determining whether a party's claims were or could have been previously raised, "[i]t is [the] identity of facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which [plaintiff chooses] to frame her complaint," which informs the Court's analysis. *Id*., 972 F.2d 36 at 39. *See also Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86, 90 (2d Cir. 1997).

It is undisputed that each of plaintiff's pending lawsuits against the District and its employees arises out of precisely the same events. A federal and state court have each now determined that plaintiff's claims against the District and its Board, administrators and employees, which related to plaintiff's previous employment by the District and to its performance of obligations under a

Settlement Agreement, are either barred by the Settlement Agreement and are otherwise without a sufficient evidentiary basis. While there is some variation between the particular individual defendants identified in each of plaintiff's lawsuits, there is no dispute that the instant defendants, including the Board of Education and various District employees, are in privity with the District and/or "ha[ve] a sufficiently close relationship to the [District] to justify preclusion," and that if plaintiff wished to bring claims against them, she had a full and fair opportunity to do so in her already-dismissed cases. *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367-368 (2d Cir. 1995). Because all of plaintiff's instant claims were, or could have been, raised in her two now-dismissed federal and state actions, both of which were adjudicated finally and on the merits, they are barred by res judicata.

Plaintiff contends that res judicata cannot be applied at this juncture, because the decision dismissing her state court action is under appeal. Plaintiff is incorrect. "Under New York law, the pendency of an appeal does not deprive a challenged judgment of preclusive effect." *Deshpande v. Medisys Health Network, Inc.*, 2010 U.S. Dist. LEXIS 37891 at *24 (E.D.N.Y. 2010), *quoting Arnold v. Beth Abraham Health Servs., Inc.*, 2009 U.S. Dist. LEXIS 121382 at *11 (S.D.N.Y. 2009) (collecting cases).

Furthermore, even if plaintiff's instant claims were not barred by res judicata, they would be subject to dismissal as a matter of law, for the reasons set forth in this Court's decision in *Malcolm v. Honeoye Falls-Lima Central Sch. Dist.*, 669 F. Supp. 2d 330 (W.D.N.Y. 2009). It is undisputed that upon the termination of her employment, on or about July 16, 2007, plaintiff entered into a Settlement Agreement which explicitly released the Honeoye Falls-Lima "Board of Education, its

members, officers, employees and agents," from any claims or causes of action whatsoever "from the beginning of the world to [July 16, 2007]." *See Malcolm v. Honeoye Falls-Lima Central Sch. Dist.*, 08-CV-6300 (Dkt. #3-2, Exh. 4).

It is well-settled that "a settlement is a contract, and once entered into is binding and conclusive." *Janneh v. GAF Corp.*, 887 F.2d 432, 436 (2d Cir. 1989). All of plaintiff's instant claims against the defendants arise out of her employment with the District and pre-date the Settlement Agreement, and therefore they are barred by the Settlement Agreement's release provisions and must be dismissed.

**II.     Defendants' Motions for Injunctive Relief**

Having been subjected to litigation in multiple lawsuits for claims that were clearly barred by the terms of plaintiff's Settlement Agreement or that were otherwise finally determined to be meritless, defendants have requested that the Court order injunctive relief, prohibiting plaintiff from engaging in additional frivolous litigation against the District and its employees, arising out of plaintiff's employment.

Pre-filing injunctions are a permissible exercise of the court's discretion to deter vexatious and abusive litigation. *See In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982). *See also MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994). Although such relief is generally appropriate only in the most extraordinary of circumstances, once a pattern of frivolous or harassing litigation has emerged, a district court "need not wait until a vexatious litigant inundates each federal district court with meritless actions to condition access to that court upon a demonstration of good faith." *In re Martin-Tragona*, 737 F.2d

1254, 1262 (2d Cir. 1984). Where a plaintiff has engaged in a course of frivolous litigation, district courts are empowered to exercise "[t]he equity power to give injunctive relief against vexatious litigation" and "bring [a] litigious charade to a halt." *In re Hartford Textile Corp.*, 681 F.2d 895 at 897.

Here, plaintiff has engaged in a pattern of frivolous and baseless litigation against the District, at both the federal and state level, which multiple unfavorable outcomes have apparently not discouraged. Indeed, plaintiff's attitude toward her consumption of the Court's resources is flippant, and it appears that she has no intention of ceasing her campaign of litigation against the District in the absence of Court intervention. She asserts: "[i]t should not matter to this Court whether the Plaintiff has filed one or fifty discrimination complaints against the Defendant . . . Even if the Complaints were the same, similar, or duplicate . . ." (Dkt. #39 at ¶¶12, 14).

Plaintiff is therefore permanently enjoined from commencing any further *pro se* actions in federal court against the District, the Board of Education, or any District employees which arises out of her employment with the District, without prior leave of court. Leave of court shall be obtained by filing with the complaint a motion captioned, "Motion Pursuant to Court Order Seeking Leave to File." Malcolm must attach to that motion, as Exhibit 1, a true and correct copy of this Decision and Order. As Exhibit 2 to that motion, Malcolm must attach either a declaration prepared pursuant to 28 U.S.C. §1746 or a sworn affidavit certifying that the claims she wishes to present are meritorious and made in good faith. As Exhibit 3 to that motion, Malcolm must include a list of every suit previously filed by her or on her behalf in any federal court against each and every defendant to the suit she wishes to file, including the title and index number of each such case. As Exhibit 4 et seq.

to that motion, Malcolm must provide a copy of each such complaint and a certified record of the matter's disposition. Finally, Malcolm must serve a copy of this Decision and Order upon each defendant if and when leave to serve the complaint in the new case is granted. *Failure to comply with the terms of this order may be sufficient grounds for a court to deny any motion for leave to file made by Malcolm. Further, Malcolm's failure to advise a federal court in which she has filed a complaint of this Decision and Order and/or her failure to otherwise comply with this Decision and Order may be considered by such court as good and sufficient cause to dismiss such a lawsuit, and further may be considered sufficient grounds upon which to levy additional sanctions, including but not limited to fines, imprisonment, and/or an award to defendants in the amount of their reasonable costs and attorneys fees in defending the action.*

However, nothing in this order shall be construed as having any effect on Malcolm's ability to initiate or continue actions in state court and/or appeals before the United States Courts of Appeals, or her power to prosecute or defend any other action that is presently pending, brought by her in any federal court prior to the date of entry of this Decision and Order, including but not limited to the related matter of *Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Central Sch. Dist. et al.*, 08-CV-6551 (W.D.N.Y. 2008).

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss the complaint (Dkt. #5, #11, #30) are granted, and the complaint is dismissed in its entirety, with prejudice.

Plaintiff, Bernice Malcolm, is enjoined from the filing and prosecution of additional lawsuits arising out of her employment with the District, in the manner and to the extent described herein.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
September 14, 2010.